UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS,

                Petitioner,

v.

US ATTORNEY GENERAL, *et al.*,

                Respondents.

CASE NO. C19-225 RAJ

**REPORT AND RECOMMENDATION**

Petitioner is well-known abusive litigant. He is under pre-filing bar orders in several courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In this case, petitioner filed a § 2254 habeas corpus petition (entitled "Motion for Expedited Review of a Constitutional Crises") in the Northern District of Texas. Dkt. 1. That Court transferred the petition to this District in February 2019. Dkt. 7.

The habeas petition alleges 1) Washington State violated the constitution by charging plaintiff by way of information; 2) the Fourth Amendment prohibition against "unreasonable" searches "is in and of itself impermissibly and unconstitutionally vague"; 3) Article III is impermissibly vague; and 4) Article III and the Sixth Amendment are in conflict. Plaintiff also

REPORT AND RECOMMENDATION - 1

moves to proceed *in forma pauperis*. For the reasons below, the Court recommends this matter be dismissed and that plaintiff's motion to proceed *in forma pauperis* be stricken as moot.

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits the petitioner is not entitled to relief. The Court has reviewed the habeas petition and concludes it is barred by the federal statute of limitations, and that no amendment would cure this barrier. As the order of transfer indicates, petitioner is an inmate confined in the Monroe Correctional Complex of the Washington State Department of Corrections, Dkt. 8. "Petitioner was convicted in King County Washington in case no. 84717 in 1978 and in Yakima County, Washington (case no. 1-8819) in 1974." *Id.*

Petitioner's pleading is clearly untimely. The Court's record of petitioner's many filings indicates petitioner has been challenging his convictions via Federal habeas corpus petitions for many years. *See e.g., 00-1486-RSL, Demos v. Lambert*. The convictions that petitioner challenges are well beyond the one year federal statute of limitations, and the petition should therefore be dismissed. *See* 28 U.S.C. § 2244(d)(1).

Additionally, as a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

The Court recommends this dismissal count as one of the **three** IFP applications and proposed actions petitioner is permitted this year. The Court further recommends **DISMISSING**

REPORT AND RECOMMENDATION - 2

the proposed habeas petition and striking petitioner's motion to proceed *in forma pauperis* as moot.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 5, 2019.** The Clerk should note the matter for **March 8, 2019,** as ready for the District Judge's consideration. Objections and responses shall not exceed **five (5)** pages. The failure to timely object may affect the right to appeal.

DATED this 19th day of February, 2019

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge